Filed 12/23/14  P. v. Palomares CA2/8

## **NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALFONSO C. PALOMARES,<br><br>    Defendant and Appellant. | B255597<br><br>(Los Angeles County<br>Super. Ct. No. BA419228) |

APPEAL from a judgment of the Superior Court of Los Angeles County, David V. Herriford, Judge.  Affirmed.

Mae G. Alberto, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \*

Alfonso C. Palomares appeals from a judgment following his conviction for burglary. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appellant's counsel filed an opening brief requesting that this court review the record and determine whether any arguable issues exist on appeal. We have reviewed the entire record and find no arguable issue. We affirm.

## PROCEDURAL HISTORY

Appellant was charged with burglary. (Pen. Code, § 459.) A prior conviction for murder was alleged as a "strike" (Pen. Code, §§ 667, subds. (b)-(i), 1170.12) and as a prior prison term enhancement (Pen. Code, § 667.5, subd. (c), 1192.7).

Prior to trial, appellant moved to exclude his prior conviction. The trial court denied the motion but held if appellant testified any reference to the conviction would be sanitized not to refer to murder or any "moral turpitude" language. Appellant also moved to exclude any reference to a screwdriver, pliers, and sandpaper found on him at the time of his arrest. The People planned to introduce evidence that those items were burglary tools, which showed appellant's intent, even though he had not used those tools in the theft that formed the basis of the burglary charge. The court denied appellant's motion. Appellant further objected to testimony from Sheriff's Deputy Ricardo Villegas that the items found on appellant were burglary tools. The court found Sheriff's Deputy Villegas's seven years of experience was sufficient foundation to support his opinion, and the testimony was relevant to appellant's intent and not unduly prejudicial.

A jury found appellant guilty. For sentencing, appellant waived trial on his strike prior and stipulated to the strike, which the court found true. The court denied appellant's motion to strike his prior conviction pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 and sentenced him to the midterm of two years in state prison, which was doubled to four years in light of his strike. (§§ 667, subd. (e)(1), 1170.12, subd. (c)(1).) The court ordered appellant to pay various fines and fees and gave him 249 days of presentence credits. Appellant timely appealed.

**STATEMENT OF FACTS**

On December 7, 2013, Lorenzo Andrade was working as a security guard at Metro MTA, a bus repair facility at 5425 Van Ness Avenue in the City and County of Los Angeles. He was posted at the guard shack by the entrance of the facility on 54th Street. Visitors are supposed to check in at the guard shack before entering the property. There are signs posted around and outside the property reading "Stop" and "No Trespassing."

At 5:05 p.m., an individual Andrade identified as appellant entered the gate of the facility on a "small girl's bike" without stopping to check in with Andrade. Andrade shouted for appellant to stop and followed him to the maintenance building, next to Andrade's guard shack. From behind, Andrade saw appellant grab a power tool that was on top of a tool box and conceal it in the front of his waistband or in his front pocket.

As appellant tried to leave the mechanic's shop, Andrade stopped him and retrieved the power tool from him. Andrade also searched appellant's pockets and found a pair of pliers and a screwdriver. According to Andrade, those items were not used to break into the MTA garage. After retrieving the power tool from appellant, Andrade called the sheriff's department, as well as a mechanic to verify the power tool belonged to him because the tool had no labels identifying it as MTA property. Andrade spoke with appellant, who told him he was looking for a restroom. There were bathrooms inside the maintenance building, but they were not public and Andrade had not given appellant permission to use them.

Five to 10 minutes after Andrade called, mechanic Jorge Cabrera arrived at the location from his lunch break. He identified the power tool as his and explained he had left it on a tool cart toward the north end of the maintenance shop. He had not given appellant permission to take it.

Sheriff's Deputies Villegas and Daniel Sepulveda arrived about 20 minutes after Cabrera. Appellant did not try to flee at any point and stayed until law enforcement arrived. Deputy Villegas had been an officer for over seven years and at the time of trial was a training officer assigned to the Transit Services Bureau, which provides police service for the MTA's businesses, busses, and trains. He and Deputy Sepulveda, whom

3

Deputy Villegas was training at the time, met with appellant, Andrade, and Cabrera. Deputy Villegas identified a Phillips screwdriver, needle-nosed pliers, a piece of sandpaper, and 17 cents appellant had on him. In his experience dealing with burglary cases, he believed the items could be used to commit burglary, especially the sandpaper, which could be used to rub off serial numbers so items would be more difficult for police to identify. To his knowledge, however, appellant did not use the items to enter the MTA building.

During cross-examination at trial, Sheriff's Deputy Villegas was asked about the police report for the incident, which contained a checked box describing appellant's actions as "seeking assistance/directions." He testified he could not speak to that portion of the report because Sheriff's Deputy Sepulveda had written the report and Deputy Villegas had not stayed for the majority of appellant's statement due to not being paid overtime. As Deputy Sepulveda's training officer, Deputy Villegas reviewed the report and believed the statements were true and correct to the best of his recollection.

In defense, appellant did not testify but he called Sheriff's Deputy Sepulveda, who testified he prepared the police report that described appellant's actions as "seeking assistance and directions." He attested the contents of the report were accurate to the best of his recollection, although he did not remember specifically why he checked off that appellant was "seeking assistance and directions." He discussed the report with Sheriff's Deputy Villegas before submitting it.

## DISCUSSION

We appointed counsel to represent appellant on this appeal. After review of the record, appellant's court-appointed counsel filed an opening brief asking this court to review the record independently pursuant to *Wende, supra*, 25 Cal.3d at page 441. On July 29, 2014, we advised appellant he had 30 days to submit any contentions or issues he wished us to consider. Appellant did not file a supplemental brief.

We have examined the entire record. We are satisfied no arguable issues exist and appellant's counsel has fully satisfied her responsibilities under *Wende*. (*Smith v.*

4

*Robbins* (2000) 528 U.S. 259, 279-284; *Wende, supra*, 25 Cal.3d at p. 441; see *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

## DISPOSITION

The judgment is affirmed.


                                        FLIER, J.

WE CONCUR:


    BIGELOW, P. J.


    GRIMES, J.